## Case No. 10,680.

### In re PALMER.

[1 N. B. R. 213; [1] Bankr. Reg. Supp. 46; 6 Int. Rev. Rec. 45.]

District Court, S. D. New York.   July 5, 1867.

#### COURTS—JURISDICTION—BANKRUPTCY—RESIDENCE.

A petition in bankruptcy filed in the Southern district against a debtor who resides and carries on business in the Northern district of New York, will be dismissed for want of jurisdiction.

[Cited in Fogarty v. Gerrity, Case No. 4,895.]

## Case No. 10,681.

### In re PALMER.

[3 N. B. R. 283 (Quarto, 74); [2] 2 Am. Law T. 107, 1 Am. Law T. Rep. Bankr. 139.]

District Court, D. Wisconsin.   1869.

#### BANKRUPTCY—FRAUDULENT PREFERENCE — CHATTEL MORTGAGE—KNOWLEDGE OF INSOLVENCY.

A, B & Co., creditors, after having received information of the insolvency of C, accepted a chattel mortgage on his stock, subject to a prior mortgage and possession of D, another creditor. The evidence showed that C was insolvent, as represented to A, B & Co. C having been adjudged bankrupt, it was *held*, that A, B & Co.'s mortgage was fraudulent, and could not be paid out of the sale of the goods it purported to convey.

In bankruptcy.

MILLER, District Judge. Lathrop, Ludington & Co. presented their petition to the court, praying an order for the payment, by the assignee, of their debt against the bankrupt. The petition was answered by the assignee, alleging that the chattel mortgage given by the debtor to secure this debt was given in preference to these creditors, and was received by them in violation of the bankrupt law [14 Stat. 517]. It appears that the bankrupt was indebted to these creditors about one thousand four hundred dollars overdue, and to secure payment of the debt, he gave them six promissory notes, on the 24th day of October, 1867, payable in certain amounts monthly thereafter for six months, and also a chattel mortgage on his stock of goods expressed therein, "subject to two prior mortgages to A. E. Hill, on file in town clerk's office, and with condition that said Hill is to take, and does now take, and hold actual possession of said chattels mortgaged, as agent for said mortgagees, and holds possession as well under this as under his own mortgages."

The petition in bankruptcy was filed February 1, 1868. The mortgaged stock of goods was sold by the assignee pursuant to an order of court. The two mortgages to Hill, by order of court, have been satisfied out of the proceeds of sale. The debt of Hill amounted to about fifteen hundred dollars, of which a great portion was overdue at the date of this mortgage. And Hill at that time had the key and full possession of the store. George W. Chapman, the agent of Lathrop, Ludington & Co., knew of the lien of Hill on the goods and of his possession, and accepted the mortgage, subject to the condition above recited. But he testifies that from Palmer's statement of his (Palmer's) affairs, he did not believe him insolvent, nor had reasonable cause to believe his insolvency.

Bruce testifies that, in the city of New York, in the fall of 1867, he informed Ludington that Palmer could not last to exceed six months, and advised him to have his claim collected as fast as possible. Very soon after that conversation, Chapman came to Oconomowoc, and accepted the mortgage. Chapman believed Palmer had adequate means for the full payment of his debts on time. Palmer gave the notes and mortgage to Lathrop, Ludington & Co. for the purpose of gaining time, not being then able to pay over one hundred and seventy-five dollars of the debt, and a great portion of his debts were then overdue. The petition in bankruptcy, filed

[1] [Reprinted from 1 N. B. R. 213, by permission.]

[2] [Reprinted from 3 N. B. R. 283 (Quarto, 74), by permission.]

three months after the date of the notes and mortgage to Lathrop, Ludington & Co., shows Palmer to have been in a state of insolvency when the mortgage was given, and proves that the notice of Bruce to Ludington was correct. Palmer testifies that he might have paid his debts in time, if Lathrop, Ludington & Co., had not crowded him. The bankrupt act prohibits the giving of preferences by an insolvent debtor to any of his creditors, and declares such preference void where the person receiving a preference has reasonable cause to believe the debtor insolvent. Insolvency is defined to be the state of a person who has not property sufficient for the full payment of his debts. Wheat. Law Dict. In Buckingham v. McLean, 13 How. [54 U. S.] 167, the court declares insolvency to mean an inability to pay as debts should become payable, whereby the debtor's business would be broken up. The evidence shows that Palmer was in a state of insolvency when he gave the notes and mortgage to Lathrop, Ludington & Co.; Ludington was notified of Palmer's embarrassed condition immediately anterior to the date of the securities. This claim was overdue, on which time was extended from one to six months. The agent was apprised of Palmer's inability to pay a large amount of overdue debts, and he accepted the mortgage, subject to Hill's prior mortgages, and absolute possession and control of the stock. It is evident from Palmer's schedules, annexed to his petition in bankruptcy, that when he gave the notes and mortgage to Lathrop, Ludington & Co., he was largely insolvent, and which the sale of his goods and property by the assignee clearly demonstrates. The mortgage in this case not being made by Palmer in the usual and ordinary course of his business, the fact is, by the bankrupt law, declared prima facie evidence of fraud, which the mortgagees have not removed or overcome. They and their agent had reasonable cause to believe Palmer insolvent when they accepted the mortgage.

The petition of Lathrop, Ludington & Co., for payment of their claim by the assignee out of the proceeds of the sale of the goods and merchandise covered by the mortgage, is denied.